UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE REED FLAGG,<br><br>             Plaintiff,<br><br>    v.<br><br>NANCY A. BERRYHILL, Acting<br>Social Security Commissioner,<br><br>             Defendants. | Case No. CV 16-05599-RAO<br><br>MEMORANDUM ORDER AND OPINION |

## I. <u>INTRODUCTION</u>

On July 27, 2016, Plaintiff Michelle Reed Flagg ("Plaintiff"), represented by counsel, filed a complaint appealing the denial of social security benefits. (Dkt. No. 1.) Thereafter, the parties consented to the undersigned handling this matter for all purposes.

On February 22, 2017, counsel for Plaintiff moved to withdraw as attorney of record. (Dkt. No. 19.) Counsel for Plaintiff made the motion based on Plaintiff's failure to respond to counsel's numerous communication attempts. (*Id*. at 1-2.) On March 31, 2017, the Court granted counsel's motion and ordered counsel to serve a copy of the Court's Order on Plaintiff. (Dkt. No. 21.) In the same March 31 Order,

the Court set the matter for a telephonic status conference on April 25, 2017.

On April 25, 2017, former counsel and counsel for the Commissioner appeared telephonically for the scheduled status conference. Former counsel indicated that she had not received the Court's March 31 Order and thus had not served the order on Plaintiff. The Court continued the matter to May 25, 2017, and directed former counsel to serve a copy of the Court's March 31 Order on Plaintiff and to lodge proof of service. (Dkt. No. 22.) The April 25 Order provided the call-in information for the scheduled May 25, 2017 hearing.

On May 8, 2017, former counsel lodged with the Court proof of service on Plaintiff of both the March 31 and April 25 orders.

On May 25, 2017, the Court held a telephonic status conference in this matter. Plaintiff did not appear for the conference. To date, Plaintiff has not been in contact with the Court.

Given the foregoing and for the reasons below, the Court recommends that Plaintiff's Complaint be **DISMISSED** without prejudice.

## II. DISCUSSION

Federal Rule of Civil Procedure 41(b) grants district courts *sua sponte* authority to dismiss actions for failure to prosecute or for failure to comply with court orders. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-63 (9th Cir. 1992). "District courts have the inherent power to control their dockets and, [i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal of a case." *Ferdik*, 963 F.2d at 1260 (internal quotation marks omitted).

Additionally, Local Rule 41-6 provides that "[a] party proceeding *pro se* shall keep the Court and opposing parties apprised of such party's current address." The Court may dismiss an action with or without prejudice for want of prosecution if mail directed by the Clerk to a *pro se* plaintiff's address of record is returned

undelivered by the Postal Service and the plaintiff fails to notify the Court and opposing parties of the plaintiff's current address "within fifteen (15) days of the service date." L.R. 41-6; *see also* Initial Order, Section III.

In determining whether to dismiss an action for failure to prosecute or for failure to comply with court orders, a court must weigh five factors:

(1) the public's interest in expeditious resolution of litigation;

(2) the court's need to manage its docket;

(3) the risk of prejudice to defendants/respondents;

(4) the availability of less drastic alternatives; and

(5) the public policy favoring disposition of cases on the merits.

*Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002).

Here, the first factor (the public's interest in expeditious resolution of litigation) and second factor (the Court's need to manage its docket) strongly favor dismissal. Approximately three months have now passed since former counsel for Plaintiff filed her motion to withdraw as attorney of record based on Plaintiff's failure to respond to communications from her attorney. One month has passed since Plaintiff was served with notice of her former counsel's withdrawal from the case and notice of the scheduled telephonic status conference. Plaintiff did not appear for the scheduled status conference or otherwise communicate with the Court regarding this pending matter. Plaintiff's inaction frustrates the public's interest in the expeditious resolution of litigation and the Court's need to manage its docket. *See Ash v. Cvetkov*, 739 F.2d 493, 496-97 (9th Cir. 1984) (affirming dismissal without prejudice where plaintiff failed to respond to order to show cause resulting in a month-long delay).

The third factor (the risk of prejudice) requires the defendant to show that the plaintiff's actions impaired its ability to proceed to trial or threatened to interfere with the rightful decision of the case. *See Pagtalunan*, 291 F.3d at 642. "Limited delays and the prejudice to a defendant from the pendency of a lawsuit are realities

| | |
|---|---|
| 1 | of the system that have to be accepted, provided the prejudice is not compounded |
| 2 | by 'unreasonable' delays." *Ash,* 739 F.2d at 496. However, "the risk of prejudice |
| 3 | to the defendant is related to the plaintiff's reason for defaulting in failing to |
| 4 | timely" act. *Yourish v. California Amplifier*, 191 F.3d 983, 991 (9th Cir. 1999). |
| 5 | The better the reason, the less likely it is that the third factor will favor dismissal. |
| 6 | *See id.* at 991-92 (finding that the plaintiff's "paltry excuse for his default on the |
| 7 | judge's order indicate[d] that there was sufficient prejudice to Defendants from the |
| 8 | delay that [the third] factor also strongly favor[ed] dismissal"). The Ninth Circuit |
| 9 | has stated that "the failure to prosecute diligently is sufficient by itself to justify a |
| 10 | dismissal, even in the absence of a showing of actual prejudice to the defendant |
| 11 | from the failure." *Anderson v. Air W., Inc.*, 542 F.2d 522, 524 (9th Cir. 1976); *see* |
| 12 | *also In re Eisen*, 31 F.3d 1447, 1452-53 (9th Cir. 1994) (quoting *Anderson*). |
| 13 | However, while prejudice is presumed for a failure to prosecute, the presumption |
| 14 | may be rebutted, and a court should consider whether there has been a showing that |
| 15 | no actual prejudice has occurred. *Anderson*, 542 F.2d at 524. |
| 16 |      Here, Plaintiff's failure to respond to the Court's April 25 Order indicates a |
| 17 | loss of interest in the matter. Defendant has filed an answer in this case and has an |
| 18 | interest in having this matter resolved efficiently and as quickly as possible. On |
| 19 | balance, this factor weighs in favor of dismissal. |
| 20 |      The fourth factor (the availability of less drastic alternatives) strongly |
| 21 | supports dismissal. As noted above, the Court attempted to avoid dismissal by |
| 22 | granting Plaintiff the opportunity to participate in the scheduled telephonic status |
| 23 | conference. Despite the Court's warning that failure to participate in the scheduled |
| 24 | status conference could result in dismissal of her case for failure to prosecute, |
| 25 | Plaintiff failed to appear. The Court deems it imprudent to wait any longer for |
| 26 | Plaintiff to exhibit an interest in prosecuting this action with the requisite amount of |
| 27 | diligence. *See Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (a |
| 28 | district court "need not exhaust every sanction short of dismissal |

before . . . dismissing a case"). The Court also notes that it is recommending dismissal *without prejudice*, a significantly lesser sanction than dismissal with prejudice. *See Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988) (finding no less drastic sanction available to district court where district court could not contact plaintiff to threaten him with some lesser sanction).

The fifth factor (the public policy favoring disposition on the merits) weighs against dismissal, as it almost inevitably will when an action is dismissed without reaching the merits. *Pagtalunan*, 291 F.3d at 643.

In sum, four out of the five factors support dismissal. Accordingly, dismissal is appropriate at this juncture. *See Yourish*, 191 F.3d at 990 (dismissal is appropriate where three of the five factors strongly support dismissal).

## III. CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED that Plaintiff's complaint is dismissed without prejudice for failure to prosecute.

DATED: May 25, 2017

*Rozella A. Oliver*

ROZELLA A. OLIVER
UNITED STATES MAGISTRATE JUDGE